But the Court, although they expressed themselves strongly against the practice of a county court's setting aside their judgment rendered at a preceding term, were of opinion that they could not with propriety go into the examination, unless the whole record of the cause below had been brought up and a jury impaneled under their direction to try the issue denovo.
That the question of costs did not simply depend upon the motives of the prosecutor, but upon the guilt or innocence of the defendant, which ought first to be duly ascertained. That if the prosecutor had probable cause, though his motives were of the worst kind, he ought not to pay the costs; and it is possible that, upon a trial of the whole case, he might have directed proofs to that point, which may now be excluded from the nature of the inquiry. That to determine the question upon this appeal would be to give judgment upon the incident of a cause which properly belongs to that jurisdiction which has cognizance (115) of the principal subject matter.
NOTE. — Where the defendant in an indictment is acquitted, or where a nolle prosequi is entered, he is bound to pay his own costs and no other. — State v. Whithed, 7 N.C. 223. Under the 23d and 27th sections of the 35th chapter of the Revised Statutes, when a bill of indictment has been found by the grand jury and a nolle prosequi afterwards entered, or when the party has been acquitted on any crime of an inferior nature, the Court may order the prosecutor to pay the costs where the prosecution appears to be frivolous or malicious. It has been decided that the inferior offenses here spoken of mean such, the punishment of which does not extend to life, limb, or member, and the acquittal must be before the petit jury. State v. Lumbrick, 4 N.C. 156; State v. Cockerham,23 N.C. 381. *Page 110